UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

STEVE RAY COOPER,

    Plaintiff,

v.                                          CIVIL ACTION NO.   5:22-cv-00209

The CITY OF BECKLEY,
WILLIAM REYNOLDS, *individually
as a member of the Beckley Police Department*, and
ANDREW MILAM, *individually as
a member of the Beckley Police Department*.

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is a Partial Motion to Dismiss filed by Defendants, the City of Beckley, William Reynolds and Andrew Milam, on June 30, 2022. [Doc. 6]. The motion is ready for adjudication.

### I.

On September 3, 2021, Plaintiff Steve Ray Cooper was using his riding lawnmower to mow some of his neighbors' lawns. [Doc. 1 ¶ 11]. After finishing mowing, Mr. Cooper noticed his driveway was blocked by several cars waiting to pick up children from the nearby Maxwell Hill Elementary School. [*Id.*]. Unable to return the lawnmower to his driveway, Mr. Cooper parked the lawnmower across the street from his property and approached some of the cars blocking the entrance to his driveway. [*Id.* ¶ 14]. At some point the police were called, and Officers William Reynolds and Andrew Milam of the Beckley Police Department arrived on the scene and

encountered Mr. Cooper. [*Id*. ¶¶ 16-30]. The encounter between Mr. Cooper and Officers Reynolds and Milam concluded with Mr. Cooper being handcuffed, placed in the patrol car and transported to the Beckley Police Department for booking. [*Id*. ¶¶ 31-32].

Mr. Cooper was released from police custody later that evening and subsequently presented to Raleigh General Hospital. [*Id*. ¶¶ 38-39]. During his admission at Raleigh General Hospital, Mr. Cooper was diagnosed with various injuries, including multiple rib fractures, a broken nose and fractured right wrist. [*Id*. ¶ 39]. Later, he was diagnosed with a traumatic brain injury. [*Id*. ¶ 41].

Following the incident with Officers Reynolds and Milam, Mr. Cooper was charged with battery on a police officer pursuant to *West Virginia Code* § 61-2-10B(c). Eventually, Mr. Cooper pled guilty to misdemeanor obstruction.

On April 27, 2022, Plaintiff instituted this action against the City of Beckley and Officers Reynolds and Milam. [Doc. 1]. On June 30, 2022, Defendants filed a Partial Motion to Dismiss. [Doc. 6 at 4-7]. The Motion is directed towards Plaintiff's claims for: (1) intentional infliction of emotional distress against Officer Reynolds, (2) negligent hiring against the City of Beckley, (3) negligent supervision and training against the City of Beckley, (4) negligent retention against the City of Beckley and (5) negligence against both Officers Reynolds and Milam. [*Id*.]. Defendants also seek dismissal based on Plaintiff asserting improper claims for punitive damages and for improperly suing Officers Reynolds and Milan individually and as officers of the Beckley Police Department. [*Id*.].

On July 15, 2022, Plaintiff filed his Response in Opposition to Defendants' Partial Motion to Dismiss. [Doc. 10]. In his response, Plaintiff addressed Defendants' arguments concerning the negligence claim against Officers Reynolds and Milam and the negligent hiring,

negligent supervision and negligent retention claims against the City of Beckley. On July 22, 2022, Defendants filed their Reply to Plaintiff's Response in Opposition. [Doc. 11].

## II.

### A. Governing Standard

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds by Twombly*, 550 U.S. at 562-63); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 558. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *McCleary-Evans*, 780 F.3d at 585; *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Wright v. North Carolina*, 787 F.3d 256, 270 (4th Cir. 2015); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks and citation omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative

level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Court is required to "accept as true all of the factual allegations contained in the complaint." *Erickson,* 551 U.S. at 94 (citing *Twombly*, 550 U.S. at 555); *see also S.C. Dep't of Health & Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). It must additionally "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Further, a court's evaluation of a motion to dismiss is "generally limited to a review of the allegations of the complaint itself." *Goines v. Valley Cmty. Serv. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016).

**B.     Analysis**

Defendants first seek dismissal of Plaintiff's negligence claim (Count V) brought against Officers Reynolds and Milam. They assert immunity from such claims pursuant to *West Virginia Code* § 29-12A-5(b). [Doc. 6 at 6].

*West Virginia Code* § 29-12A-5(b) provides employees of a political subdivision are immune from tort liability unless "(1) [h]is or her acts or omissions were manifestly outside the scope of employment or official responsibilities; (2) [h]is or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3) [l]iability is expressly imposed upon the employee by a provision of this code."

The thrust of this action does not contemplate ordinary negligence but, rather, intentional or reckless acts by the named defendants. The Court thus **GRANTS** the Partial Motion

to Dismiss to that extent, with leave to replead no later than April 17, 2023, if warranted.

Defendants next seek dismissal of Plaintiff's claim for intentional infliction of emotional distress (Count VII), on the grounds it is duplicative of Plaintiff's claims for assault (Count III) and battery (Count IV). [Doc. 6 at 4-5].

West Virginia law prohibits a plaintiff from bringing claims of assault and battery and intentional infliction of emotional distress, when all claims arise from the same event. *Criss v. Criss*, 177 W. Va. 749, 356 S.E.2d 620 (1987); *Doe v. Cabell Cnty. Bd. of Educ.*, No. 3:21-cv-0031, 2022 WL 568344, at *3 (S.D. W. Va. Feb. 24, 2022); *Lily v. Crum*, No. 2:19-cv-00189, 2020 WL 1879469, at *6 (S.D. W. Va. Apr. 15, 2020); *Searls v. W. Va. Regional Jail*, No. 3:15-cv-9133, 2016 WL 4698547, at *4 (S.D. W. Va. Sept. 7, 2016). This is because a plaintiff can recover "emotional" damages in their assault and battery claims and thus the claim for intentional infliction of emotional distress is duplicitous. *Criss*, 177 W. Va. 749, 356 S.E.2d 620. Furthermore, the Supreme Court of Appeals of West Virginia has held "the law does not permit a double satisfaction for a single injury. A plaintiff may not recover twice for the same injury because he has two legal theories." *Harless v. First Nat'l Bank*, 169 W. Va. 673, 696, 289 S.E.2d 692, 705 (1982); *Slack v. Kanawha Cnty. Hous. & Redev. Auth.*, 188 W. Va. 144, 423 S.E.2d 547 (1992).

Plaintiff's assault and battery counts both seek damages for "emotional injuries" caused by Officer Reynolds' conduct. [Doc. 1 ¶¶ 74, 80]. Similarly, Plaintiff's claim for intentional infliction of emotional distress also seeks damages for "emotional" distress, pain and suffering caused by Officer Reynolds' conduct. [*Id.* ¶ 102]. Thus, Plaintiff's intentional infliction of emotional distress claim seeks to recover the same emotional damages sought in the assault and battery counts. Accordingly, Count VII of Plaintiff's Complaint is dismissed without prejudice as the emotional damages it seeks to recover are duplicative of the emotional damages recoverable

in Counts III and IV.

Next, Defendants contend Plaintiff's claims against the City of Beckley for (1) negligent hiring (Count VIII), (2) negligent supervision and training (Count IX) and (3) negligent retention (Count X) should be dismissed for failing to provide "specific evidence in support of any such claim[s]." [Doc. 6 at 5].

As discussed in Section II.A, a defendant must be provided with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47, *overruled on other grounds*, *Twombly*, 550 U.S. at 562-63); *McCleary-Evans*, 780 F.3d at 585. Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 558. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *McCleary-Evans*, 780 F.3d at 585; *Giarratano*, 521 F.3d at 304. Moreover, legal conclusions unsupported by well-pleaded facts are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679.

In this instance, Counts VIII, IX and X are nothing more than a recitation of the required elements of each claim. Nowhere in Plaintiff's Complaint are there any factual allegations to support the legal conclusions brought in Counts VIII, IX and X. For instance, in Count VIII, Plaintiff states the City of Beckley and/or the Beckley Police Department "did not conduct a reasonable investigation into the background" of Officers Reynolds or Milam. [Doc. 1 ¶ 108]. Despite making this claim, Plaintiff provides no factual allegations to support it. Likewise, in Count IX, Plaintiff claims Officers Reynolds and Milam "were not properly or adequately supervised or trained." Again, this claim is not supported by any of the factual allegations found in Plaintiff's Complaint. Finally, in Count X, Plaintiff claims the City of Beckley and/or the Beckley Police Department "knew or should have known that" Officers Reynolds and Milam were

unfit employees, but nevertheless retained them. Once more, this is a bare legal conclusion unsupported by any factual allegation.

Thus, because the allegations alleged in Counts VIII, IX and X are unsupported by sufficient factual allegations, these Counts are dismissed without prejudice.

Next, Defendants have moved to dismiss Plaintiff's punitive damages claim. *West Virginia Code* § 29-12A-7(a) provides "[i]n a civil action involving a political subdivision or any of its employees as a party defendant, *an award of punitive or exemplary damages against such political subdivision is prohibited*." (emphasis added). While there is no dispute that the City of Beckley is a political subdivision and Officers Reynolds and Milam were its employees, [Doc. ¶¶ 7-8], the analysis does not there end.

In *Webb v. Raleigh County Sheriff's Department*, the Court considered whether the county commission, a political subdivision, and two sheriff's deputies, employees of the political subdivision, were entitled to the protections found in *West Virginia Code* § 29-12A-7(a) against the award of punitive damages. 761 F. Supp. 2d 378, 395-96 (S.D. W. Va. 2010). This Court concluded punitive damages may not be imposed against the county commission, but based on a plain reading of the statute, punitive damages may be awarded against the employees of a political subdivision. *Id*.; *see also Huggins v. City of Westover Sanitary Sewer Bd.*, 227 W. Va. 573, 712 S.E.2d 482 (2011); *P.A. v. Fayette Cnty. Bd. of Educ.*, No. 2:19-cv-00705, 2020 WL 474048, at *10-11 (S.D. W. Va. Aug. 14, 2020); *Polk v. Town of Sophia*, No. 5:13-cv-14224, 2013 WL 6195727, at *9-10 (S.D. W. Va. Nov. 27, 2013).

The Supreme Court of Appeals in *Huggins* explained when the protections of *West Virginia Code* § 29-12A-7(a) may be applicable to an employee of a political subdivision. 227 W. Va. 573, 712 S.E.2d 482. In *Huggins*, plaintiff sought punitive damages against the city and the

city's mayor due to an alleged wrongful termination. The Supreme Court of Appeals concluded that *West Virginia Code* § 29-12A-7(a) protected the city and the mayor from an award of punitive damages. *Id*. at 578-79. As for the mayor, the Court reasoned because he was not sued in his individual capacity, plaintiff could not recover punitive damages against him. *Id*. Thus, a plaintiff may not recover punitive damages against an employee of a political subdivision unless the employee is sued in his or her individual capacity.

In this instance, Plaintiff's Complaint does not contain a separate count seeking the recovery of punitive damages. However, throughout Counts I through VI, Plaintiff indicates his intent to seek punitive damages. [Doc. 1 ¶¶ 59, 71, 75, 81, 87, 95, 103]. Each one of these Counts is directed either towards Officer Reynolds and/or Officer Milam. While Plaintiff's Complaint is not a model of clarity, it appears Plaintiff is suing Officers Reynolds and Milam in their individual capacities. Therefore, because Officers Reynolds and Milam are sued in their individual capacities, Plaintiff's claim for punitive damages may proceed. However, based on *Webb* and *West Virginia Code* § 29-12A-7(a), Plaintiff may not recover punitive damages against the City of Beckley. Therefore, any claims of punitive damages against the City of Beckley are dismissed with prejudice.

Finally, Defendants seek dismissal of the Counts of Plaintiff's Complaint, which are "directed toward Defendants Reynolds and Milam in their official capacities." [Doc. 6 at 6-7]. Inasmuch as it appears the claims against Officers Reynolds and Milam are pled in their individual capacities, the Partial Motion is not well taken. [Doc. 10 at 6].

## III.

Based upon the foregoing, the Court **GRANTS** in part and **DENIES** in part

Defendants' Partial Motion to Dismiss. With respect to any dismissal for failure to properly plead sufficient facts, Plaintiff is given leave to replead by amended complaint filed on or before April 17, 2023.

The Clerk is **DIRECTED** to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: March 31, 2023

Frank W. Volk
United States District Judge